Opinion filed June 25, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed June 25,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00310-CR

                                 __________

 

                      SAMMIE LOTT A/K/A SAMMIE SMITH, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16624B

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted Sammie Lott a/k/a Sammie Smith, upon her plea of guilty,
of possession of one gram or more but less than four grams of cocaine.  The trial
court found the enhancement allegation to be true and assessed her punishment
at confinement for twelve years.  We affirm.

                                                                    Background








Appellant
was indicted in September 2007.  In December 2007, counsel was appointed to
represent her.  The case was originally set for jury trial in February 2008. 
The trial court reset the case for a jury trial in April 2008 and then in June
2008.  Finally, the case was set for a jury trial in September 2008.

In
July 2008, appellant waived her right to a jury trial and decided to enter a
plea of guilty.  On July 14, 2008, a hearing was conducted on her motion to
allow her court-appointed counsel to withdraw.  Counsel stated that he was
making the oral motion to withdraw because of the Adegradation of the attorney-client
relationship@ and that
he had been informed by appellant and her family that they did not think he had
her best interest at heart.  Counsel further stated that he had been told that
the family had arranged to hire another attorney.  Appellant testified that her
current counsel had not provided her with a copy of her search warrant, that
she did not have good communications with her counsel, and that she Ahad been studying to help
defend@ her case. 
Appellant did not offer testimony concerning whether she had made arrangements
to hire counsel. 

The
trial court denied the motion, and appellant then entered her plea of guilty in
open court.  She requested that she be placed on community supervision and
waived her right to appeal as to guilt.  The trial court admonished appellant
both in writing and in open court.  The trial court then ordered a presentence
investigation report and set the hearing as to punishment for September 2008. 

When
the case was called for the disposition hearing on September 25, 2008,
appellant failed to appear.  Her bond was forfeited, and the case was reset for
October 8, 2008.  A hearing was conducted, but the case was then again reset
for November 2008.

On
November 20, 2008, the disposition hearing was held.  After hearing appellant=s testimony and the
argument of counsel, the trial court found appellant guilty and imposed the
sentence.

                                                              Sole
Issue on Appeal

Appellant
contends that she has a constitutional right to be represented by the attorney
of her choice and that the trial court denied this right when it denied her
motion to allow her to change attorneys at the July hearing on her plea of
guilty.  The State argues that her waiver of her right to appeal prevents her
from raising this issue on appeal.  The State further argues that there is no
absolute right to counsel of choice.








                                                                  Right
to Appeal

To
the extent that appellant is challenging the trial court=s actions prior to the determination of her
guilt, she has waived the right to complain.  To the extent that she is
challenging her right to counsel concerning the punishment phase of trial, we
will address her complaint in the interest of justice.

                                                                 Right
to Counsel

As
appellant notes, the Sixth Amendment provides criminal defendants with the
right to effective representation by counsel.  Wheat v. United States,
486 U.S. 153, 158-59 (1988); Strickland v. Washington, 466 U.S.
668, 689 (1984).  However, this is not an absolute right.  Wheat, 486
U.S.  at 158-59; Gonzalez v. State, 117 S.W.3d 831, 837 (Tex. Crim. App.
2003).  This right must be exercised in a proper manner so as not to frustrate
or delay the trial proceedings.  Dunn v. State, 819 S.W.2d 510, 519
(Tex. Crim. App. 1991).

To
the extent that appellant=s
complaint is properly before this court, we find that the record does not
support her argument that reversible error has occurred.  Appellant presented
no evidence that she had secured the assistance of retained counsel, and the
record reflects that no one other than her appointed counsel was present in
court.  Appellant has not established that the trial court erred.  The issue is
overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

June 25, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.